April 7, 1970

No. 70–29   Joseph Parisi, PVT, U. S. Army v MG Willard Pearson, U. S. Army.

Petitioner is awaiting trial by general court-martial appointed by the respondent Commanding General, U. S. Army Training Center, Fort Lewis, Washington, upon a charge alleging willful disobedience of the lawful order of a superior officer in violation of Article 90, Uniform Code of Military Justice, 10 USC § 890.

On March 16, 1970, petitioner's counsel submitted to the convening authority a request for the production of all documents and statements relating to the consideration of his application for conscientious

objector status, a verbatim transcript of the proceedings of any board convened by the Department of Army concerning that application, and "the names of all persons acting in a recommendation capacity or acting on the Board of Officers . . . which considered (his) application." A further request was submitted for the attendance of such individuals at trial. The requests were denied both by the trial counsel and the convening authority. Thereupon, petitioner submitted to this Court a Petition for Writ of Mandamus seeking, inter alia, issuance of an order to the respondent directing him "to compel the production of the evidence and witnesses requested by the Petitioner."

The attendance of witnesses and the production of documents before courts-martial are governed by the provisions of paragraph 115, Manual for Courts-Martial, United States, 1969 (Revised). Under its provisions, disagreement between the defense and the trial counsel as to the propriety of a defense request for witnesses will be referred to the convening authority if the question arises prior to trial. That procedure was evidently followed here, and both authorities denied the request. The Manual further provides that the propriety of their actions may be determined by the Military Judge of the general court-martial to which the charge has been referred.

In a pretrial session conducted pursuant to Article 39(a) of the Code, supra, 10 USC § 839(a), or upon arraignment when the case is called for trial, the defense can renew its request, and the parties can be fully heard on the question of materiality and relevancy of the requested witnesses and documents, United States v DeAngelis, 3 USCMA 298, 12 CMR 54 (1953); paragraph 115a, Manual for Courts-Martial, supra. Should the Military Judge's ruling be adverse, the record is complete and may be reviewed pursuant to Article 67(b) of the Code, supra, 10 USC § 867(a). Thus, no such extraordinary circumstances sufficient to invoke this Court's powers under 28 USC § 1651 (a) are presented.

Accordingly, it is, by the Court, this 7th day of April 1970,

ORDERED:
That said Petition for Writ of Mandamus, be, and the same hereby is, denied.